PER CURIAM.
Sower and Pennington appeal their convictions for possession of marijuana pursuant to a plea of nolo contendere reserving the right to appeal the denial of their motion to suppress based on the ground that there was no valid consent to the search of lockers located in each truck driven by Sower and Pennington. As to Sower’s claim, we find no merit. However, Pennington’s claim, that consent should have been required from her to search the lockers in her truck, warrants discussion.
Inspector Pease stopped the trucks after they bypassed an agricultural inspection station. See Chapter 570, Fla.Stat. (1977). Both appellants opened the truck upon request. Pease smelled marijuana and asked Appellant Pennington if there was fruit in the lockers in her truck. At that moment, Appellant Sower stated, in Pennington’s presence, that the lockers in both trucks belonged to him and that there was no fruit in them. Pennington said nothing. Sower unsuccessfully attempted to open the lockers in his truck and in Pennington’s truck with a key in his possession. The appellants were arrested for violation of Section 570.15, and they were read their Miranda rights. Subsequently they were escorted to the police station, and shortly thereafter, Sower gave consent to open the lockers.[1] Consent was neither sought nor obtained from Pennington to search the lockers in her truck.
Absent consent or some other exception to the warrant requirement, a search warrant was needed before the lockers could be searched. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). However, a general search of the trucks and a seizure of their contents would be authorized without a warrant because there was probable cause to believe the trucks contained contraband. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Arkansas v. Sanders, supra 442 U.S. at 759, 761, 99 S.Ct. at 2590-2592 at 242-243. Once the seizure of the lockers was authorized, their search could be consented to by their owner, Sower. We note that Pennington never contended below, nor does she contend here, that the lockers in her truck belonged to her or that they contained her property. Most importantly, it was Pennington’s own conduct at the time of the stop which led Pease and the police to believe that only Sower owned the lockers. Although Sower may have arranged with Pennington to transport his lockers, the sole ownership and primary custody and control was retained by him as evidenced by his conduct. Affirmed.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.
ERVIN, J., concurs and dissents with written opinion.

. It is unnecessary to detail the circumstances; the trial court properly found clear and convincing evidence showing a free and voluntary consent based upon the conflicting testimony.